The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PRANOTI ANANT PIMPALKHUTE, *et al.*,

    Plaintiffs,

v.

JOSEPH B. EDLOW, Director of United States
Citizenship and Immigration Services,

    Defendant.

NO. 25-cv-2433-BJR

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

## I.   INTRODUCTION

This case concerns alleged delay by U.S. Citizenship and Immigration Services ("USCIS") in adjudicating Plaintiffs' applications for lawful permanent residence based on their participation in the EB-5 Immigrant Investor Program. Plaintiffs seek an order compelling USCIS to act, alleging that the agency has unreasonably delayed adjudication of their pending applications.

Before the Court is Defendant's motion to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), or, in the alternative, for failure to state a claim under Rule 12(b)(6). Dkt. 12. Plaintiffs oppose the motion. Dkt. 15. Having

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

- 1

reviewed the parties' briefing, the record, and the governing law, the Court grants the motion for the reasons set forth below.[1]

## II.    BACKGROUND

### A.    The EB-5 Immigrant Investor Program

The Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.*, authorizes certain foreign nationals to seek immigrant visas or lawful permanent residence through employment-based categories. Relevant here, the EB-5 Immigrant Investor Program provides a pathway to lawful permanent residence for qualifying foreign investors who make capital investments that create or preserve jobs in the United States. *See* 8 U.S.C. § 1153(b)(5). USCIS administers the program.

To qualify, an investor generally must invest the required amount of capital in a new commercial enterprise and demonstrate that the investment will create or preserve at least ten full-time jobs for qualifying U.S. workers. Investors may proceed through a direct investment or through a designated regional center, which pools capital and permits reliance on certain indirect job-creation methodologies.

The EB-5 process occurs in stages. An investor participating through a regional center first files a Form I-526E petition with USCIS to establish eligibility under the EB-5 statutory criteria, including the required investment, the lawful source of funds, and the anticipated creation of qualifying jobs. If an immigrant visa is available, the investor may seek lawful permanent resident status by filing a Form I-485 application for adjustment of status if the investor is in the United

---

[1] Defendant seeks leave to file a supplemental reply to address Plaintiffs' requests that this Court take judicial notice of certain information filed after briefing on this motion was complete. *See* Dkt. Nos. 19-21 and 23. The Court denies the request as moot because the Court did not consider the additional information filed by Plaintiffs in resolving this motion.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

- 2

States, or by pursuing consular processing if abroad. If approved, the investor receives conditional lawful permanent resident status for a two-year period.

Before the end of that conditional period, the investor must file a Form I-829 petition to remove conditions on residence. At that stage, the investor must show that the qualifying investment was sustained and that the required jobs were created or can be expected to be created within a reasonable time. Approval of the I-829 petition results in lawful permanent resident status without conditions.

**B.    Plaintiffs' Participation in the EB-5 Program**

Plaintiffs are foreign nationals who seek adjustment of status based on participation in the EB-5 Program. According to the complaint, Mrs. Pimpalkhute invested $800,000 in a qualifying new commercial enterprise located within a designated regional center, and the investment is expected to create at least ten jobs for U.S. workers. Plaintiffs allege that, on May 29, 2025, they filed a Form I-526E petition and concurrent Form I-485 applications with USCIS. They further allege that their submissions included documentation regarding the lawful source of investment funds and a business plan addressing anticipated job creation.

USCIS approved the Form I-526E petition on September 30, 2025. Plaintiffs' Form I-485 applications, however, remain pending. Plaintiffs allege that they have satisfied the requirements for adjustment of status, that visa numbers are currently available in their category, and that USCIS has provided no timeline or adequate explanation for the continued delay.

Plaintiffs commenced this action approximately six months after filing their Form I-485 applications. They allege that USCIS's failure to adjudicate those applications within that period is unreasonable under the APA. They further allege that the delay has caused ongoing uncertainty regarding their immigration status and has impaired their ability to make long-term personal,

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

- 3

financial, and professional decisions. Plaintiffs seek an order compelling USCIS to adjudicate their pending applications.

### III.   LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges the court's subject matter jurisdiction, while a motion under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. To survive a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing subject matter jurisdiction and must allege facts sufficient to demonstrate that jurisdiction exists. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). In a facial jurisdictional attack, such as the one here, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating such a motion, the Court accepts well-pleaded factual allegations as true and construes them in the light most favorable to the nonmoving party.

### IV.   DISCUSSION

**A.**        **Whether the Court Has Subject Matter Jurisdiction over Plaintiffs' Claims**

Plaintiffs assert claims for unreasonable delay under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), mandamus relief under 28 U.S.C. § 1361, and violation of their Fifth Amendment due process rights. They do not ask the Court to order USCIS to approve their applications but instead seek an order compelling USCIS to adjudicate them within 60 days or within another reasonable period set by the Court. Plaintiffs allege that the Court has jurisdiction under several federal statutes. They invoke 28 U.S.C. § 1331 on the ground that their claims arise

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

- 4

under federal law, including the APA, the INA, and the Due Process Clause. They also invoke 28 U.S.C. § 1361, asserting that mandamus jurisdiction exists because they seek to compel a federal agency to perform a duty owed to them. In addition, plaintiffs cite 28 U.S.C. § 1651, the All Writs Act, and the APA, including 5 U.S.C. §§ 702 and 704, as authority for judicial review of agency action allegedly unlawfully withheld or unreasonably delayed.[2]

Defendant argues that the Court lacks jurisdiction for three related reasons. First, Defendant contends that the APA does not permit judicial intervention absent a discrete, nondiscretionary duty to act, and that Plaintiffs have identified no statute or regulation requiring USCIS to adjudicate their I-485 applications within any particular timeframe. Second, Defendant argues that the INA strips jurisdiction over Plaintiffs' challenge to the pace of adjudication because 8 U.S.C. § 1255 commits adjustment-of-status decisions, and the process leading to those decisions, to agency discretion, thereby triggering 8 U.S.C. § 1252(a)(2)(B)(ii). Third, Defendant argues that even if USCIS has a nondiscretionary duty to adjudicate Plaintiffs' applications within a reasonable time, the alleged delay here is not unreasonable, particularly given the relatively short period the applications have been pending and USCIS's recent action on Plaintiffs' related petition.

Defendant's motion blends jurisdictional and merits-based objections. The Court first considers whether 8 U.S.C. § 1252(a)(2)(B)(ii) strips jurisdiction over Plaintiffs' claims. That argument is properly jurisdictional because, if the statute applies, it would deprive the Court of authority to review USCIS's pace of adjudication. If Section 1252(a)(2)(B)(ii) does not bar review,

---

[2] Because mandamus relief and relief under the APA are "'in essence' the same," when a complaint seeks the same relief under the Mandamus Act and the APA, and the APA provides an adequate remedial framework, the Court may elect to analyze the APA claim only. *Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022) (quoting *R.T. Vanderbilt Co. v. Babbitt*, 113 F.3d 1061, 1065 (9th Cir. 1997)). Here, Plaintiffs seek identical relief under both claims: an order compelling USCIS to adjudicate their pending I-485 applications. Accordingly, the Court analyzes Plaintiffs' unreasonable-delay theory under the APA, and Plaintiffs' mandamus claim rises or falls with that analysis.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

- 5

however, Defendant's remaining arguments—that Plaintiffs have not identified legally required agency action and have not plausibly alleged unreasonable delay—are better understood as challenges to the sufficiency of Plaintiffs' APA claim and are addressed under Rule 12(b)(6).[3]

### 1. Whether Section 1252(a)(2)(B)(ii) strips the Court of jurisdiction

Defendant contends that 8 U.S.C. § 1252(a)(2)(B)(ii) strips this Court of jurisdiction. Section 1252(a)(2)(B) provides as follows:

> [N]o court shall have jurisdiction to review—
>
> (i) any judgment regarding the granting of relief under section … 1255 of this title, or
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]

Defendant argues that this provision strips federal courts of jurisdiction to review discretionary immigration decisions, including the denial of adjustment of status under 8 U.S.C. § 1255, and "any other decision or action of the . . . Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of . . . the Secretary." Dkt. 12 at 7 (quoting 8 U.S.C. § 1252(a)(2)(B)(i), (ii)). Because adjustment of status—from nonimmigrant status to lawful permanent resident status—is discretionary, Defendant argues that Plaintiffs' claims are not reviewable under Section 1252(a)(2)(B)(ii).

Defendant's argument frames Plaintiffs' claim too broadly. Plaintiffs are not asking the Court to review a decision granting or denying adjustment of status. They are challenging USCIS's

---

[3] The parties do not address whether the Court has subject-matter jurisdiction over the Due Process claim. The jurisdictional fight is aimed at Plaintiffs' request to compel adjudication—principally under the APA/mandamus framework and § 1252(a)(2)(B)(ii). The Due Process claim is addressed, but as a Rule 12(b)(6) question: whether Plaintiffs have plausibly alleged a protected interest and constitutionally inadequate process. Thus, Plaintiffs' Due Process claim is addressed separately below.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

- 6

alleged failure to adjudicate their still-pending applications within a reasonable time. Thus, the jurisdictional question presented here is whether Section 1252(a)(2)(B)(ii) bars an APA claim seeking to compel USCIS to adjudicate still-pending I-485 applications within a reasonable time. Courts in this District that addressed that question before *Patel*, *Zia*, and *Garcia* concluded that it does not. In *Hong Wang v. Chertoff*, the court held that Section 1252(a)(2)(B)(ii) did not strip jurisdiction over a claim seeking to compel adjudication of pending I-485 applications, reasoning that Section 1255(a) specifies USCIS's discretion over whether to grant adjustment of status, but does not specify discretion to fail to adjudicate an application or to control the pace of adjudication free from judicial review. 550 F. Supp. 2d 1253, 1256–57 (W.D. Wash. 2008). Other courts in this District had reached the same conclusion. *See*, *e.g.*, *Huang v. Gonzales*, No. C07-96RSM, 2007 WL 1302555 (W.D. Wash. May 2, 2007); *Chen v. Heinauer*, No. C07-103RSL, 2007 WL 1468789 (W.D. Wash. May 18, 2007).

Defendant relies on later Supreme Court and Ninth Circuit authority—*Patel v. Garland*, *Zia v. Garland*, and *Garcia v. USCIS*—but those cases do not control the question presented here. *Patel* involved review of factual findings underlying a denied adjustment application; *Zia* involved review of a discretionary waiver determination and related eligibility findings; and *Garcia* involved review of a USCIS adjustment-related determination after the agency had acted. None held that Section 1252(a)(2)(B)(ii) bars a district court from considering an APA claim seeking to compel USCIS to adjudicate a still-pending I-485 application within a reasonable time. Although those decisions counsel against an unduly narrow reading of Section 1252(a)(2)(B), they do not eliminate the distinction between review of a discretionary adjudicative decision and review of an alleged failure to make any decision at all. The Court therefore adopts the persuasive reasoning of *Hong*

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

- 7

*Wang* and the related decisions from this District and concludes that Section 1252(a)(2)(B)(ii) does not strip jurisdiction over plaintiffs' failure-to-adjudicate claim.[4]

Having concluded that Section 1252(a)(2)(B)(ii) does not strip jurisdiction over Plaintiffs' failure-to-adjudicate claim, the Court turns to Defendant's remaining arguments. Defendant also contends that Plaintiffs have not identified a discrete, legally required agency action and have not plausibly alleged unreasonable delay. Although Defendant characterizes those arguments as jurisdictional, they are better understood as challenges to the sufficiency of Plaintiffs' APA claim. *See Vaz v. Neal*, 33 F.4th 1131, 1136–37 (9th Cir. 2022). The Court therefore addresses those arguments under Rule 12(b)(6).

**B.     Whether Plaintiffs State a Plausible Claim for Relief**

**1.     The APA Claim**

The APA requires an agency to conclude "a matter presented to it" within a "reasonable time." 5 U.S.C. § 555(b). Where an agency fails to do so, a reviewing court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). To state a claim under § 706(1), a plaintiff must plausibly allege that the agency failed to take "a *discrete* agency action that it is *required to take*," *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (italics in original), and that the delay in taking that action is unreasonable. *See Vietnam Veterans of Am. v. Cent. Intelligence Agency*, 811 F.3d 1068, 1075 (9th Cir. 2016) ("A court can compel agency action under

---

[4] Defendant relies on more recent authority from outside this District reaching a different conclusion. Those decisions are not binding, and Plaintiffs cite similarly recent decisions from other courts supporting the contrary view that § 1252(a)(2)(B)(ii) does not bar review where the plaintiff seeks to compel adjudication of a pending application rather than review of a discretionary decision already made. *See, e.g.*, *Varniab v. Edlow*, No. 25-cv-10602-SVK, 2026 WL 485490 (N.D. Cal. Feb. 20, 2026); *Ayala v. Noem*, 781 F. Supp. 3d 1187 (D.N.M. 2025); *Mobayen v. Blinken*, 780 F. Supp. 3d 969 (C.D. Cal. 2025). In the absence of controlling Ninth Circuit authority squarely addressing whether § 1252(a)(2)(B)(ii) bars an APA claim seeking to compel USCIS to adjudicate still-pending I-485 applications within a reasonable time, the Court finds the reasoning of *Hong Wang* and the related decisions from this District more persuasive.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

- 8

[§ 706(1)] only if there is 'a specific, unequivocal command' placed on the agency to take a 'discrete agency action,' and the agency has failed to take that action.").

The Ninth Circuit applies the six-factor test set forth in *Telecommunications Research & Action Center v. FCC* ("TRAC"), 750 F.2d 70 (D.C. Cir. 1984), to determine whether agency delay is unreasonable. *Vaz v. Neal*, 33 F.4th 1131, 1137 (9th Cir. 2022). Those factors are:

"(1) the time agencies take to make decisions must be governed by a rule of reason;

(2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed, that statutory scheme may supply content for this rule of reason;

(3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

(4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

(5) the court should also take into account the nature and extent of the interests prejudiced by delay; and

(6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

*Id.*

Plaintiffs argue that the Court should not apply the TRAC factors at the pleading stage because unreasonable-delay claims are fact dependent. The Court agrees that unreasonable-delay claims often require a developed factual record and therefore may be ill-suited for resolution on a motion to dismiss. But that proposition is not categorical. The cases Plaintiffs cite state that such claims should not "typically" or "ordinarily" be resolved at the pleading stage; they do not hold that

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

- 9

a court may never dismiss an unreasonable-delay claim under Rule 12(b)(6). Where the allegations, accepted as true, do not plausibly show that the delay is unreasonable under the governing TRAC framework, dismissal remains appropriate. *See*, *e.g.*, *Da Costa v. Immigrant Inv. Program Off.*, 80 F.4th 330, 340–46 (D.C. Cir. 2023). Applying the TRAC factors here, and accepting Plaintiffs' well-pleaded allegations as true, the Court concludes that Plaintiffs have not plausibly alleged that USCIS's delay is unreasonable.

The first TRAC factor—the rule of reason—weighs strongly against Plaintiffs' claim. Plaintiffs filed their I-485 applications on May 29, 2025, and commenced this action approximately six months later. Even measured as of the briefing on Defendant's motion, the applications have been pending for less than one year. That is a relatively short period in the immigration-adjudication context. Courts evaluating similar claims have routinely found substantially longer delays insufficient to state an unreasonable-delay claim, particularly where no binding statutory deadline governs adjudication and the relief requested would effectively move the plaintiff ahead of other applicants. *See*, *e.g.*, *Throw v. Mayorkas*, No. 3:22-cv-05699-DGE, 2023 WL 2787222, at *4 (W.D. Wash. Apr. 5, 2023) ("A matter of months does not constitute unreasonable delay."); *Khachutorov v. Britten*, 792 F. Supp. 3d 1106, 1115–17 (C.D. Cal. 2025) (dismissing without prejudice where the complaint failed to allege unreasonable agency delay under either Rule 12(b)(1) or Rule 12(b)(6)); *Shihuan Cheng v. Baran*, No. CV 17-2001-RSWL-KSX, 2017 WL 3326451, at *5, *9 (C.D. Cal. Aug. 3, 2017) (finding no unreasonable delay where an EB-5 petition had been pending approximately one-and-a-half years and USCIS had issued an RFE); *Islam v. Heinauer*, 32 F. Supp. 3d 1063, 1071–72 (N.D. Cal. 2014) (collecting cases finding delays of four years or less not unreasonable, while concluding that a nearly six-year delay was unreasonable on the record before it). Plaintiffs cite Ninth Circuit decisions recognizing that reasonable agency action is generally

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

- 10

measured in weeks or months, not years. But those cases involved years-long delays and materially different regulatory contexts. They do not establish that the comparatively brief delay alleged here is unreasonable.

The second TRAC factor weighs somewhat in Plaintiffs' favor, but only in a limited sense. Plaintiffs point to 8 U.S.C. § 1571(b), the EB-5 Reform and Integrity Act's processing goals, DHS's stated processing targets, and Congress's authorization of concurrent filing as evidence that Congress and the agency expected faster adjudication. Those provisions may inform the rule-of-reason inquiry, but they do not impose a binding adjudication deadline for Plaintiffs' applications, and courts have consistently treated § 1571(b)'s 180-day benchmark as nonmandatory. Nor do statutory or agency processing goals automatically render any delay beyond the stated timeframe unreasonable. Accordingly, while the second factor provides some support for Plaintiffs, it does not overcome the relatively short duration of the alleged delay or plausibly establish that USCIS has failed to proceed according to a rule of reason.

The third and fifth TRAC factors also provide some support for Plaintiffs, but they do not alter the result. The Court does not minimize the hardship Plaintiffs allege from the uncertainty surrounding their immigration status, employment authorization, ability to travel, and long-term planning. Immigration delays can affect important personal and family interests, and those interests are more substantial than purely economic concerns. But the prejudice alleged here is the type of uncertainty that commonly accompanies pending immigration applications. Plaintiffs do not allege facts showing that the delay has placed them in immediate legal jeopardy, caused a loss of lawful status, threatened health or safety, or otherwise produced circumstances so severe that a delay of less than one year plausibly becomes unreasonable.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

- 11

The fourth TRAC factor weighs against Plaintiffs. Ordering USCIS to adjudicate Plaintiffs' applications now would not merely compel the agency to act in isolation; it would necessarily affect the agency's allocation of limited adjudicatory resources among other applicants. Plaintiffs do not plausibly allege that USCIS has singled them out for slower treatment, placed their applications on an indefinite hold, or departed from an applicable processing rule. In the absence of such allegations, the requested relief would effectively move plaintiffs ahead of other applicants who are also awaiting adjudication. Courts are reluctant to grant relief that would simply reorder an agency queue, particularly where the plaintiff seeks individual rather than systemic relief and has not plausibly alleged that the agency singled the plaintiff out for slower treatment or departed from its stated processing rule. *See Da Costa,* 80 F.4th at 343–44.

The sixth TRAC factor is neutral. Plaintiffs need not allege bad faith or impropriety to state an unreasonable-delay claim. But the absence of alleged impropriety does not itself support relief. Because the remaining factors, considered together, do not plausibly show unreasonable delay, the sixth factor does not change the analysis.

In sum, Plaintiffs have plausibly alleged that USCIS has a nondiscretionary duty to adjudicate their properly filed applications within a reasonable time. But they have not plausibly alleged that the delay to date is unreasonable under the TRAC factors. The applications had been pending for only approximately six months when this action was filed and less than one year when the motion was briefed. Although Plaintiffs identify statutory and agency processing goals and allege real hardship from continued uncertainty, those allegations do not plausibly establish that USCIS's delay is so unreasonable as to warrant relief under § 706(1). The Court therefore dismisses Plaintiffs' APA unreasonable-delay claim without prejudice. The dismissal is without prejudice because the Court's conclusion rests on the present posture of the case, including the relatively

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

- 12

short period Plaintiffs' applications have been pending. The Court does not hold that USCIS may delay adjudication indefinitely, nor does it foreclose Plaintiffs from seeking relief if the delay becomes materially longer or if additional facts later show that USCIS has refused to act, placed Plaintiffs' applications on an indefinite hold, or otherwise departed from a rule of reason.

### 2.    The Due Process claim

Plaintiffs' Due Process claim fails for similar reasons. Plaintiffs allege that the "combined delay and failure to act" on their I-485 applications violated their Fifth Amendment right to Due Process. But Plaintiffs do not allege a deprivation separate from the same alleged delay underlying their APA claim, and they seek the same relief: an order compelling USCIS to adjudicate their pending applications. Having concluded that Plaintiffs have not plausibly alleged that USCIS's delay is unreasonable at this stage, the Court likewise concludes that Plaintiffs have not plausibly alleged that the same delay amounts to a constitutional due process violation. Plaintiffs have not alleged facts showing that USCIS denied them notice, refused to accept or process their applications, imposed an indefinite hold, or otherwise deprived them of any process to which they were constitutionally entitled. Rather, their claim rests on the contention that USCIS has not adjudicated their applications quickly enough. On the facts alleged, that is insufficient to state a Fifth Amendment Due Process claim. Accordingly, the Court dismisses the claim without prejudice.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

- 13

## V.   CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS Defendant's motion to dismiss (Dkt. 12) and DISMISSES Plaintiffs' claims without prejudice. The Clerk of the Court is directed to enter judgment in favor of Defendant and against Plaintiffs. The matter is hereby closed.[5]

DATED this 11th day of May 2026.

_____
Barbara Jacobs Rothstein
United States District Judge

---

[5] Plaintiffs request leave to amend, but amendment would be futile at this time because the deficiency in their claims rests on the present posture of the case—namely, the relatively short period their I-485 applications have been pending—not on the absence of additional factual detail that could cure the pleading. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (leave to amend may be denied where amendment would be futile). Accordingly, the claims are dismissed without prejudice, but without leave to amend in this action; Plaintiffs may seek relief in a later action if the delay becomes materially longer or if materially different facts arise.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

- 14